## No. 11,086.

FERDINAND REUSCH, JR., VS. AMERICAN BREWING ASSOCIATION.

The terms of the proposals to receive bids not being proven, nor that the defendant was to be bound by the offer of the lowest bidder, and it not being established that plaintiff was the lowest bidder, the defendant company is not liable in damages for violation of contract.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

*B. R. Forman* for Plaintiff and Appellant:

An agreement in advance that a building shall be built by the lowest bidder under sealed proposals is a valid agreement. It is a contract with a suspensive condition and becomes perfect and complete with the lowest bidder when the lowest bid is received.

Where the object of the contract is anything but the payment of money the damages due to the creditor for its breach are the amount of the loss he has sustained and the profit of which he has been deprived. C. C. 1934.

*E. Howard McCaleb* for Defendant and Appellee:

1.   When proposals are invited to construct a building or other work, and bids are made and sent in by contractors, they are submitted, as a matter of necessity, to the party who has asked for them, and unless he accepts the proposal of one of the bidders, or the lowest bidder's bid, there can be no contract. R. C. C., Arts. 1798, 1800; Des Boulets vs. Gravier, 1 N. S. 420; McDonough vs. Winchester, 1 La. 190.

2.   Where a contract is to be reduced to writing it is inchoate and incomplete until made and signed, up to which time either party may recant. Bloeker vs. Tillman, 4 La. 80; Fernandez vs. Soulié, 28 An. 31; Stockton vs. Firemen's Ins. Co., 33 An 577.

3.   Damages for future profits are too uncertain and can not be recovered. Schlieder vs. Dielman, 44 An. 462; United States vs. Behan, 110 W. S. 339.

The opinion of the court was delivered by

BREAUX, J.   The plaintiff sues to recover $4100 damages for alleged breach of contract.

The record discloses that the defendant obtained bids from three bidders to build a brewery in this city.

Plans and specifications were drawn by the architect and agent of the defendant.

The invitations for bids were made verbally.

The bid of plaintiff (and those of the others who also sought the contract) was in writing.

The plaintiff, in his bid, proposed to build the American Brewery, according to plans and specifications, for the sum of $41,000 and the material of the old buildings on the grounds, which old buildings were to be taken down by the bidder.

Another bidder proposed to erect the buildings according to plans and specifications and certain alterations.

In the third bid the non-conductor work is included, "such as will be specified by the architect."

He, the architect, testifies that he also became a bidder for the firm of which he is a member, and that he, in the bid, proposed to build the plant complete for $52,000. His testimony in this particular is corroborated by the president and one of the directors of the company.

All the bids exclude the iron work except the last.

The estimated cost of the iron work is $12,930. This amount, added to the bids other than those of the architect, makes the amount of each over that of his bid.

He and two other witnesses testify that his bid was considerably less.

The dual capacity in which the architect acted, as architect and as bidder, does not cut any figure in the case, for his bid was not accepted.

The bids as made do no not cover the same work in all respects; they do not follow the plans and specifications in all particulars.

No bid was accepted.

The company concluded to do its work under its superintendence and itself to construct the plant.

The architect testifies, and he is not contradicted, that the company changed and improved its plans and specifications after it was determined not to give out the contract, and that the brewery is larger and more valuable than it would have been under the original plans and specifications; that the outlay for the construction will be less by $8000 or $10,000.

Plaintiff's demand for damages was rejected by the District Court.

From the judgment he appeals.

The president of the company testifies that he informed the plaintiff that the company would not bind itself absolutely to accept the lowest bid, but that if it concluded to let out the work by contract it would accept the lowest bid.

The plaintiff asserts positively that no reservation was made.

We will not attempt to adjust the variance in the testimony of the plaintiff and the president of the company, nor to reconcile the contradictions between the former and the architect respecting the terms of the bid.

It leaves the plaintiff without evidence maintaining the conditions which he contends were made part of his offer to construct the plant, and without sufficient testimony to establish that he was the lowest bidder for the work.

It is not shown that these bids were to be sealed; to be opened at a particular time.

The offers to contract must have been somewhat informally made.

It appears that before plaintiff handed in his bid changes were made with him in the specifications.

We copy upon the subject from the testimony:

Ques. "I understand that when you agreed, before you handed in your bid, that those specifications should be *amended* in the particulars you have mentioned.

"That you then agreed that if you were the lowest bidder you would get the job?"

Ans. "Yes, sir."

These changes do not add strength to plaintiff's contention that he was the lowest bidder under specifications as submitted by a number of bidders.

Plaintiff himself does not seem to have relied exclusively upon the bid as binding on the defendant.

He testifies that the work was to be completed in five months from the time of the signing of the contract; that a contract was to be signed.

The contemplated written contract would have completed the bid and manifested the consent on the part of the defendant, which the record does not disclose.

Judgment affirmed at appellant's costs.